[Civ. No. 135.   Second Appellate District.—March 9, 1906.]

RUBIO CANYON LAND AND WATER ASSOCIATION, Respondent, v. PASADENA AND MT. LOWE RAILWAY COMPANY, Appellant.

PIPE-LINE—RIGHT OF PLAINTIFF TO USE—WRONGFUL REMOVAL.—Whether a pipe-line, which had been placed in and along the land of the plaintiff by the predecessor of the defendant, under an agreement that it was to remain where it was placed for a term of years, during which time the plaintiff was to have the use of it, be

regarded as realty or personalty, its wrongful removal by the defendant is an invasion of the rights of the plaintiff, for which he is entitled to damages, notwithstanding the general property in the pipe-line belonged to the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

John D. Pope, and Arthur L. Hawes, for Appellant.

W. S. Wright, and N. W. Bell, for Respondent.

SMITH, J.—This is an appeal by the defendant from a judgment against it in the lower court for the sum of $1,420, damages suffered by the plaintiff by the removal of three thousand five hundred and fifty feet of steel pipe from the land of the plaintiff, and costs.  The complaint contains two counts.  In the second it is alleged: That ever since the fifteenth day of April, 1893, the plaintiff has had the right to use for purposes stated the steel pipe above referred to, which had been laid in the ground by one Lowe, with the consent of the plaintiff, in and along rights of way then and now owned and possessed by the plaintiff, and of which it had the right of user for the period of twenty-five years from the date named; that in the month of December, 1899, the defendant removed the pipe and appropriated the same to its own use; and that the plaintiff was thereby damaged in the sum of $4,620.  In the first count, in addition to the facts alleged in the second, there is set out at length the contract between the plaintiff and Lowe under which the pipe was laid on the plaintiff's land; by the terms of which Lowe agrees to maintain the pipe-line in repair, with certain connections specified, for a term of twenty-five years from the date of the contract, April 15, 1893, at the expiration of which time "the party of the first part (the plaintiff) shall have the right to purchase the said pipe-line from the party of the second part, if a price can be agreed upon by the said parties."  It further appears from the allegations of this count that the defendant has acquired the right and in-

terest of Lowe in the pipe-line, along with other property to which it was appurtenant or accessory. All the allegations of the complaint are found to be true, except the allegation contained in each count that the plaintiff was damaged in the sum of $4,620, in lieu of which it is found that it was damaged in the sum of $1,420.

The question principally discussed by counsel is whether the covenants of Lowe to maintain the pipe-line and not to divert the water from the plaintiff's reservoir are covenants running with the land, and, therefore, obligatory upon the defendant as his assign. But, according to the view we take of the case, the contract is material only as evidence of the interest of the plaintiff in the pipe-line, and the allegations of the first count with regard thereto, and also with regard to the succession of the defendant to Lowe's interest, may be disregarded as immaterial, which will leave the first count substantially identical with the second. It will not be necessary, therefore, to consider the argument of counsel as to the nature of the contract as being a mere covenant, or a covenant running with the land. Nor will it be necessary to consider whether the pipe-line became a fixture to or part of plaintiff's land, either permanently or for the term of twenty-five years. Whichever view be taken of the latter question, it is clear that by the agreement of the parties the pipe-line was to remain where it was placed on the land of the plaintiff for the term of twenty-five years, during which time the plaintiff was to have the use of it. Whether it be regarded as realty or personalty, its removal was an invasion of the rights of the plaintiff therein, for which the plaintiff is entitled to damages. Assuming the pipe in question to be a part of the realty, the defendant was guilty of trespass and waste. Assuming it to be the personal property of the plaintiff, the defendant's act was not only a trespass upon the plaintiff's land, but was also an invasion of plaintiff's qualified property and right of possession in the pipe; nor can the general property of the defendant be pleaded in justification. (1 Chitty on Pleading, 148, 149.)

The judgment appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.